BELOATE *v.* CARRUTHERS MOTOR COMPANY.

Opinion delivered March 16, 1925.

1. TROVER AND CONVERSION—LIEN OF AUTOMOBILE REPAIRMAN.—In a suit by the owner of an automobile against a repairman, in which each presented an account against the other, plaintiff for professional services and defendant for repairs to the automobile, since defendant was entitled to a lien on the car for repairs, under Crawford & Moses' Dig., § 6866, the court properly refused to submit the question of conversion.

2. TROVER AND CONVERSION—RETENTION OF AUTOMOBILE FOR REPAIR CHARGES.—An automobile repairman was not guilty of conversion in retaining a car on which he had made repairs where the owner failed to pay or tender his charges.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*W. P. Smith,* for appellant.

*H. L. Ponder,* for appellee.

SMITH, J. Appellant sued appellee for the alleged conversion of an automobile, delivered to appellee in February, 1922, to be repaired, and of which appellee retained possession until May, 1923.

On May 26, 1923, appellant delivered to appellee the following letter:

"Walnut Ridge, Ark., May 26, 1923.

"Carruthers Motor Co., Walnut Ridge, Ark.

"Owing to the fact that you have permitted certain parts of the engine and two casings, rims and other parts to be removed from my Paige car, engine No. 7D68701, which was delivered to you in February, 1922, for repairs,

I have been unable to get same removed by other garage men for repairs.

"This is to notify you to place said car in the condition it was when you received it by June 10, or I will take it that you desire to convert same, and will sue you for the value of the car."

After the expiration of the time limited by the letter this suit was brought.

Appellant asked two instructions, the first of which directed the jury to return a verdict in his favor for the value of the automobile at the time it was delivered to appellee, and the other instruction was to the same effect substantially, only it required the jury to find that possession of the car was not delivered to appellant within the time limited in the letter set out above.

The testimony on behalf of appellant was to the effect that appellee kept his car without excuse and without repairing it, and failed to repair or return it after repeated requests so to do. The testimony on behalf of appellee was to the effect that the car was about worn out when it was delivered at the garage for repairs, such repairs were made as were authorized, and appellant was advised of that fact, and was further advised that the car was ready for delivery, with the exception that it needed casings and a new battery, and that, when the battery was furnished, the car was "ready to be tuned up and to go," and, according to the testimony in appellee's behalf, appellant was responsible for the delay.

There was testimony on the part of appellant that certain parts of the car had been removed or lost; but appellee was not responsible for this loss, according to the testimony in its behalf.

Each party presented an account against the other, one for repairs to the car, the other for professional services.

The issue of facts thus raised was submitted in an instruction reading as follows: "The burden is on the defendant to establish the items of his cross-complaint, and the burden is upon the plaintiff to establish the value

of his services. As to the possession of the car in this action or as to the value of it, the jury in this case has nothing to do with that. There is nothing in this lawsuit but for you to try to strike a balance between these two accounts under the evidence in the case.''

It appears from this instruction that the court refused to submit the question whether there had been a conversion of the car; indeed, the court stated to the jury that the testimony presented no such question, and the only question submitted to or passed upon by the jury was the state of the account between the parties. The jury returned a verdict in favor of the appellee for $25, and this verdict is conclusive of the fact that the sum due defendant for repairs exceeded the sum due plaintiff for professional services by $25.

Under the judgment pronounced on this verdict appellant would have been entitled to the possession of the car by paying the sum found due appellee for work done on it.

We think the court properly refused to submit the question of conversion of the car to the jury. The car may have been retained by appellee for an unreasonable length of time, although, as we have said, the testimony on appellee's part tended to excuse this delay. But, at any rate, there is no question of conversion in the case. Appellant's ownership of the car was never questioned, and his right to its possession would apparently not have been questioned, had appellee's charges been paid. The verdict of the jury is conclusive of the fact that there were charges which should have been paid, and appellee was entitled to a lien on the car so long as these charges remained unpaid. Section 6866, C. & M. Digest.

It will be observed that, in the letter set out above, there was no tender by appellant of the charges, nor, indeed, was there any reference to them, and we think the court below was correct in holding that the mere failure to surrender the car within the time limited for that purpose did not constitute a conversion of it. The judgment of the court below is therefore affirmed.